**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMAR CALDWELL** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 22-3277** |
| | : | |
| **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, DISTRICT ATTORNEY OF BUCKS COUNTY, HOWARD SISSEM** | : | |

# ORDER

**AND NOW**, this 29th day of September 2026, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (DI 4), and after review of the report and recommendation of United States Magistrate Judge Lynne A. Sitarski and petitioner's objections to the same (DI 32), IT IS ORDERED that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;
2. The petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the Clerk of the Court shall **CLOSE** this case;
3. There is no basis for the issuance of a certificate of appealability.[1]

---

[1] Petitioner's objections to Judge Sitarski's report and recommendation (r&r) consisted of a reference to his brief before the Pennsylvania Superior Court. DI 32 at 2-3. That brief did not address the r&r's material conclusion — that petitioner's claims were procedurally defaulted. DI 32 at 16-45. In the absence of any objection to that conclusion, we review it for plain error. *McLaughlin v. Pennsylvania First Jud. Dist. (Probation)*, 2022 WL 1157888, at *1 n.1 (E.D. Pa. Apr. 19, 2022). We discerned no error — plain or otherwise — in the r&r.

Petitioner never pressed any of his three present claims before the Pennsylvania state courts, and any attempt to do so now would be futile given that the applicable statute of limitations has long expired. DI 29 at 11. This consistently applied statute of limitations serves as an "adequate" and "independent" state law ground upon which Pennsylvania courts would deny petitioner's claims. *See Doctor v. Walters*, 96 F.3d 675, 684 (3d Cir. 1996), *abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53, 60 (2009). The claims are thus procedurally defaulted, and we may not assess their merits absent either cause for the default and actual prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

/s/John F. Murphy, U.S.D.J.

**MURPHY, J.**

Neither excuse for procedural default exists here. As to cause, petitioner has pointed to no "objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Diggs v. Diguglielmo*, 2007 WL 4116311, at *4 (E.D. Pa. Nov. 15, 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see* DI 29 at 11-13. Nor has petitioner presented any credible evidence that our failure to review his claims would result in a miscarriage of justice, such as if he could prove actual innocence. *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004).